

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Honorable Dan W. Jackson
District Attorney
Harris County
Houston, Texas

Dear Sir:

Opinion No. O-4015
Re: Authority of District Attorney
to join in quo warranto suit to
test validity of city ordinance
annexing territory to city.

We have your letter of September 19th wherein you
enclose copy of a petition to be filed in the District Court of
Harris County styled The State of Texas ex rel, City of West
University Place et al vs. City of Houston et al. The petition
prays that an ordinance of the City of Houston extending the
limits of said city be declared void and that the city be en-
joined from exercising any jurisdiction over said annexed terri-
tory. You request our opinion as to whether under the facts
alleged in said petition it is your duty "to join in said peti-
tion; and further, whether there is any other proceeding which
the parties, relators, might adopt in order to obtain relief for
their alleged wrongs."

We thank you for the memorandum of law enclosed with
your letter which cites the case of Tod vs. City of Houston, 258
S. W. 839, affirmed 276 S. W. 419, as authority on the question
presented by your letter. We believe that the conclusion reached
in your memorandum is correct.

Article 6253, Revised Civil Statutes of Texas 1925,
which specifies the grounds for quo warranto, insofar as appli-
cable to the problem here presented, reads as follows:

"If * * * any corporation * * * exercises power
not conferred by law * * * the Attorney General, or
District or County Attorney of the proper county or
district, either of his own accord or at the instance
of any individual relator, may present a petition to
the District Court of the proper county, or any judge

Honorable Dan W. Jackson, Page 2

thereof in vacation, for leave to file an information in the nature of a quo warranto in the name of the State of Texas. * * * "

It has been held that by virtue of Section 22 of Article IV of the Constitution of Texas, authority to forfeit the charter of a private corporation is vested solely in the Attorney General. Staples vs. State, 112 Texas 61, 245 S. W. 639. However, there is no such constitutional inhibition against the right conferred by Article 6253, supra, upon district and county attorneys to question by quo warranto the validity of the charters or ordinances of municipalities and other political subdivisions. As declared by Fly, C. J. in State ex rel Francis et al vs. Waller et al, 211 S. W. 322, at page 323:

"* * * while the constitutional provision would prevent suits being brought for forfeiture of charters of private corporations, except by the Attorney General, the statute would be valid insofar as it applies to public or quasi public corporations. It has been so treated by the decisions. Brennan vs. City of Weatherford, 53 Tex. 330, 37 Am. Rep. 758; Graham vs. Greenville, 67 Tex. 62, 2 S. W. 742; El Paso vs. Ruckman, 92 Tex. 89, 46 S. W. 25; Crabb vs. Celeste Ind. School District, 105 Tex. 194, 146 S. W. 528."

In that case quo warranto action was brought by the District Attorney upon the relation of 30 citizens to question the legality of the organization of a common school district. The court held the action was properly brought and sustained the judgment declaring the district invalid.

In Town of DeKalb vs. State ex rel King, 71 S. W. (2d) 299, the Waco Court of Civil Appeals sustained a judgment declaring the annexation of territory by the City of DeKalb void upon quo warranto brought by the County Attorney upon the relation of a private citizen. The court said at page 301:

"The County Attorney in the county in which the municipal corporation is located is authorized by statute, either of his own accord or at the instance of an individual relator, to present a petition to the district court for leave to file in the name of

the state an information in the nature of a quo
warranto to test the validity of the incorpora-
tion thereof. R. S. Art. 6253. When such proceed-
ing is begun and prosecuted at the instance of an
individual relator, it does not result from this
that the conduct and continuous prosecution of the
case is any less under the exclusive control of the
State's attorney and the court than it would have
been if, upon facts sufficiently well known to the
officer instituting the same, it has been begun by
him upon his own motion. Although such private
relator is responsible for setting the proceeding
in motion and becomes liable for the costs of the
suit, the conduct and continued prosecution of the
case remains under the exclusive control of the
State's attorney and the court."

In City of West University Place et al vs. State ex rel
Kirby et al, 56 S. W. (2d) 1081, the Galveston Court of Civil Ap-
peals sustained a judgment declaring invalid an attempted annexa-
tion of territory by the City of West University Place upon a
quo warranto proceeding brought by the District Attorney of Harris
County upon the relation of several private citizens. The court
sustained the authority of the District Attorney to bring this
action and after discussing Article 6253, supra, declared at page
1085:

"It is well settled that a district attorney,
in proceedings such as in the present case, may
prosecute the same in the nature of a quo warranto.
State vs. Nelson (Tex. Civ. App.) 170 S. W. 814;
Matthews vs. State 82 Tex. 577, 18 S. W. 711; State
vs. Goodwin 69 Tex. 55, 5 S. W. 678; State vs.
Etheridge (Tex. Comm. App.) 32 S. W. (2d) 828; Ewing
vs. State 81 Tex. 172, 16 S. W. 872; City of East
Dallas vs. State 73 Tex. 371, 11 S. W. 1030."

Based upon the foregoing decisions, we are of the opin-
ion that you unquestionably have the authority as District At-
torney of Harris County to join in the quo warranto proceedings
upon the relation/ of certain citizens named in the petition,
copy of which you have sent us.

Honorable Dan W. Jackson, Page 4

We turn now to your second question, i.e., "whether there is any other proceeding which the parties, relators, might adopt in order to obtain relief for their alleged wrongs."

The Texas Courts appear to have first announced the doctrine that the validity of a municipal charter may be attacked only by the State, in 1886 in the case of Graham vs. City of Greenville, 67 Tex. 62. This doctrine appears to have been consistently followed by our courts since that time. In the Graham case the court said at page 67:

"But admitting that the vote was taken in a manner not sanctioned by the Constitution and laws, it was but an irregularity which did not render the action of the council void and ordinances passed in reference to the annexed territory of no effect. If a municipality has been illegally constituted, the State alone can take advantage of the fact in a proper proceeding instituted for the purpose of testing the validity of its charter. When the question arises collaterally, says Mr. Cooley, 'the courts will not permit its corporate charter to be questioned, if it appear to be acting under color of law, and recognized by the State as such.' And this though the manner of incorporation prescribed by the Constitution had not been followed. (Cooley's Const. Lim., 312; Mendota v. Thompson, 20 Ill., 200; Kettering v. Jacksonville, 50 Ill., 39; Bird v. Perkins, 33 Mich., 28.)

In the case of City of El Paso vs. Ruckman, 92 Tex. 86, 46 S. W. 25, Chief Justice Gaines reaffirmed the rule laid down in the Graham case in the following language:

"The rule is well established that when the creation of a public corporation, municipal or quasi municipal, is authorized by statute, and a corporation has been organized under the color of such authority, its corporate existence cannot be inquired into by the courts in a collateral proceeding. The validity of the incorporation can only be determined in a suit brought for that purpose in the name of the state, or by some individual under the authority of the state, who has a special interest which is affected by the existence of the corporation."

Honorable Dan W. Jackson, Page 5

The above quotation was quoted with approval by the Court of Civil Appeals in Missouri-Kansas-Texas Railway Company of Texas vs. Bratcher, 118 S. W. 1091.

To the same effect is the holding of the Commission of Appeals of Texas in Tod vs. City of Houston, 276 S. W. 419, as stated in the passage which was quoted from the prior opinion of the Court of Civil Appeals in the same case and which quotation is set out in your memorandum:

"The city, in making the extension, having acted under authority conferred upon it by law (Art. I, Sec. 2-b, Charter), and the ordinance making such extension not being void on its face for want of authority in the city council to pass it, or for any other reason, and the city having assumed and being now in the exercise of municipal authority over all of the annexed territory, the question of whether Mrs. Tod's property was so situated that its inclusion in the extension was a wrong and injustice to her, cannot be raised in this suit. The stability of municipal boundaries and the orderly and efficient administration of municipal government requires that the judgment of the city authorities, empowered by law to fix the boundaries of the municipality, as to the propriety or justice of including particular property within such boundaries, cannot, after such boundaries have been fixed, be questioned by the owner of the property unless the state, through its proper officers, join in a suit brought directly for that purpose." (Citing many authorities)

In the case of Cohen vs. City of Houston, 176 S. W. 809 and also 205 S. W. 757, the court affirmed a judgment sustaining demurrers to a petition brought by private citizens attacking the validity of an extension of the boundaries of the City of Houston for the reason that the validity of such extension could not be collaterally attacked by private citizens. In the latter case the court quoted with approval from the prior opinion of the Galveston Court of Civil Appeals as follows:

" * * * and if the limits were unlawfully extended, and the added territory unlawfully annexed, nevertheless the corporation, extending throughout the entire territory, was a de facto municipal corporation, and, being such, was not subject to the

attack made against it by private citizens, the plaintiffs in this case; for this can only be done by quo warranto in behalf of the state."

It is therefore our opinion that the relators who have requested you to join them in their action contesting the validity of the extension of the city limits of Houston will have no remedy when acting merely as private citizens. We are, of course, expressing no opinion as to the merits of the proposed suit.

APPROVED OCT 4, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WRK:ej

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Walter R. Koch
Assistant



APPROVED
OPINION
COMMITTEE
BY